Filed 1/30/15  In re William K. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re WILLIAM K., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, Plaintiff and Respondent, v. WILLIAM K., Defendant and Appellant. | A142862 (Solano County Super. Ct. No. J41819) |

The now 18-year-old appellant (the minor) appeals from an order finding him in violation of the terms of probation imposed on him by the juvenile court. His attorney has asked this court for an independent review of the record to determine whether there are any arguable issues for review. (*Anders v. California* (1967) 386 U.S. 738, 744; *People v. Kelly* (2006) 40 Cal.4th 106, 119; *People v. Wende* (1979) 25 Cal.3d 436, 441-442.) The minor was informed of his right to file a supplemental brief, which he has not done. Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

**Facts and Procedural History**

In May 2013, the minor was declared a ward of the court following his admission to misdemeanor battery. (Pen. Code, § 243, subd. (d).) The court placed him on probation and released him to his mother's custody. In October 2013, he was continued as a ward of

1

the court following his admission to felony battery. The court committed him to the Changing Paths residential program for four months, after which he was released home on probation. As a condition of probation, the minor was required to obey all laws, attend school regularly, report to his probation officer, abstain from the use of drugs and alcohol, submit to drug and alcohol testing, submit a DNA sample, not associate with gangs, and not acquire gang-related tattoos.

In June 2014, the probation department filed a petition alleging the minor violated his probation by (1) testing positive for marijuana in April 2014; (2) failing to attend school regularly; (3) missing scheduled appointments with his probation officer in April and May 2014; (4) failing to submit a DNA sample; and (5) failing to drug test. A supplemental report alleged a sixth violation: newly acquired gang-related tattoos.

A contested probation violation hearing was held in July 2014. The minor's probation officer testified that the minor was subjected to a routine drug test in April 2014 and tested positive for marijuana, according to a report she received. The officer further testified that she went to the minor's school several times and found him absent. When the officer spoke to the minor about his absences, he admitted not attending school but claimed he was waiting to be admitted to another school, which he never was. The officer testified that she mailed notice to defendant of appointments on April 30 and May 7, 2014 for DNA and drug testing but he failed to appear. The officer testified that a DNA test was not conducted until the minor was placed in custody on the probation violation petition but the minor said he submitted a DNA test months earlier during his time at juvenile hall. The officer testified that she saw new tattoos on the minor when he was taken into custody. The minor's neck was tattooed with the initials B and S, which the minor said represented Brown Street. Brown Street is a Norteño street gang, the officer testified. Also, the minor's arm was tattooed with a scroll with the words "barrio" and "norte."

The court found the minor violated probation by failing to attend school regularly, missing scheduled appointments, failing to drug test, and acquiring gang-related tattoos. The court found insufficient evidence to sustain the allegations of marijuana use and

2

failure to submit a DNA sample. At the August 2014 dispositional hearing, the court continued the minor's wardship and placed him in the New Foundations substance abuse treatment program. The minor filed a timely notice of appeal.

## Discussion

We have reviewed the record in its entirety and find no arguable claims of error. The minor was represented by capable counsel in the probation violation proceedings and substantial evidence supports the court's findings that the minor violated his probation. The court did not abuse its discretion in continuing the minor as a ward of the court and placing him in a substance abuse treatment program.

## Disposition

The order is affirmed.

_____
Pollak, Acting P. J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.